**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| Jayson Rogers, individually and on behalf of others similarly situated, | Case No. 1:20-CV-00554-PAG |
| Plaintiff(s), | **DEFENDANT INTERSTATE NATIONAL DEALER SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| Interstate National Dealer Services, Inc., et al., | |
| Defendant(s). | Judge: Patricia A. Gaughan |

# TABLE OF CONTENTS

**Page**

I.    Background and Statement of Issues ..................................................................... 1

II.   Argument .......................................................................................................... 1

    A.    The Court should dismiss Mr. Rogers' Complaint for failure to state a claim under
Rule 12(b)(6)........................................................................................... 1

        1.    Standard of review ...................................................................... 1

        2.    Plaintiff's allegations ................................................................. 4

        3.    Mr. Rogers' conclusory allegations about a claimed call from John Doe
Corporation do not state a claim against Defendant Interstate. ........................... 5

            a.    The Complaint fails to sufficiently allege Interstate's direct liability for
claimed TCPA violations.................................................................. 5

            b.    The Complaint fails to sufficiently allege Interstate's vicarious liability for
purported TCPA violations. ............................................................. 6

III.  Conclusion ...................................................................................................... 9

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................1, 2

*Bassett v. Nat'l Collegiate Athletic Ass'n*,
    528 F.3d 426 (6th Cir. 2008) ...............................................................................4 n. 2

*Bedient v. Safe Sec. Inc.*,
    No. 1:16-CV-02256, 2017 WL 89343 (N.D. Ohio Jan. 10, 2017) ...........................9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................1, 2

*Christopher Seri v. Crosscountry Mortg., Inc.*,
    No. 1:16-CV-01214-DAP, 2016 WL 5405257 (N.D. Ohio Sept. 28, 2016) ...................3, 5, 8

*Comprehensive Health Care Sys. of Palm Beaches, Inc. v. Vitaminerals VM/Orthopedics, Ltd.*,
    No. 5:16CV2183, 2017 WL 27263 (N.D. Ohio Jan. 3, 2017) ...............................6, 7

*Harrison v. Rockne's Inc.*,
    274 F. Supp. 3d 706 (N.D. Ohio 2017).........................................................4 n. 2, 9

*Moss v. U.S. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) ...............................................................................1, 2

*Reo v. Caribbean Cruise Line, Inc.*,
    No. 1:14 CV 1374, 2016 WL 1109042 (N.D. Ohio Mar. 18, 2016)................................3, 6, 8

*Samford v. Interstate National Dealer Services, Inc.*,
    Case No. 1:19-cv-01702 (D. Colo. filed June 11, 2019) ...............................6 n. 3

*Trohoske v. Chicago Title Ins. Co.*,
    No. 1:11 CV 877, 2011 WL 6012412 (N.D. Ohio Nov. 30, 2011) ...................................4 n. 2

*Whitacre v. Nations Lending Corp.*,
    No. 5:19CV809, 2019 WL 3477262 (N.D. Ohio July 31, 2019)............................2

**Statutes**

47 U.S.C.
    § 227(b)(1)(A)..................................................................................................2
    § 227(b)(1)(B) .................................................................................... 3 & n.1

**Other Authorities**

47 C.F.R.
    § 64.1200(a)(2) .................................................................................................2
    § 64.1200(a)(3) .................................................................................................3

Fed. R. Civ. P. 12(b)(6) .................................................................................................1

Better Business Bureau, *Interstate National Dealer Services* (2020),
    https://www.bbb.org/us/ga/atlanta/profile/auto-warranty-services/interstate-
    national-dealer-services-0443-27306422/details#additional-info;
    https://www.bbb.org/us/ga/atlanta/profile/auto-warranty-services/interstate-
    national-dealer-services-0443-27306422/complaints .........................................4 n.2

Interstate National Dealer Services, Inc. (2020), www.inds.com....................................4

## I.    BACKGROUND AND STATEMENT OF ISSUES

Plaintiff Jayson Rogers ("Plaintiff" or "Mr. Rogers") filed this lawsuit against Defendant Interstate National Dealer Services, Inc. ("Interstate") for a single call he allegedly received, not from Interstate, but from a John Doe Corporation.  Because Plaintiff concedes that the call he received was not made by Interstate, Plaintiff must allege sufficient facts to demonstrate that Interstate is vicariously liable for the call placed by an unknown John Doe Corporation.  Plaintiff fails to meet his burden.  Plaintiff's conclusory and speculative assumptions that John Doe Corporation must be Interstate's agent fall short of the high bar that the Northern District of Ohio and other Courts in the Sixth Circuit have consistently articulated for pleading vicarious liability for an alleged violation of the Telephone Consumer Protection Act ("TCPA").  Thus, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss Mr. Rogers' Complaint in its entirety for failure to state a claim against Interstate for direct or vicarious liability under the TCPA.

## II.    ARGUMENT

### A.    The Court should dismiss Mr. Rogers' Complaint for failure to state a claim under Rule 12(b)(6).

#### 1.    Standard of review

Dismissal under Rule 12(b)(6) for failure to state a claim is required where a plaintiff fails to set forth "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts may not accept "naked assertion[s]" or "labels and conclusions" characterized as fact. *Twombly*, 550 U.S. at 555, 557.  Pleadings must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,'

and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Twombly*, 550 U.S. at 557).

*Twombly* describes a "two-pronged approach" that, first, sets aside conclusory allegations as "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A court is to then determine if the remaining facts "plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). But, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," dismissal is warranted. *Id.* at 679. A complaint stating facts "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility" of entitlement to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

To state a claim under § 227(b)(1)(A), Plaintiff must assert enough factual allegations to show that Defendant Interstate, or its agent for which Interstate is vicariously liable, (1) made a call to the plaintiff; (2) for telemarketing purposes; (3) using an automatic telephone dialing system or prerecorded message; (4) to a telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A); 47 C.F.R. § 64.1200(a)(2); *see also Whitacre v. Nations Lending Corp.*, No. 5:19CV809, 2019 WL 3477262, at *3 (N.D. Ohio July 31, 2019) (dismissing § 227(b)(1)(A) claim because the pleading was too conclusory, offering mere "labels and conclusions," "naked assertions," and nothing more than a "formulaic recitation of the elements") (citing *Twombly*).

Further, to state a claim under § 227(b)(1)(B), Plaintiff must sufficiently allege that Defendant Interstate, or its agent for which it is vicariously liable, (1) made a call to a residential

sf-4242774

telephone line; (2) using an artificial or pre-recorded voice to deliver a message; (3) without prior express consent of the called party.  47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200(a)(3); *see also Reo v. Caribbean Cruise Line, Inc.*, No. 1:14 CV 1374, 2016 WL 1109042, at *4 (N.D. Ohio Mar. 18, 2016) (dismissing Complaint that failed to state a claim for violations of § 227(b)(1)(A) and § 227(b)(1)(B) due to lack of sufficient allegations supporting vicarious liability).[1]

Because Plaintiff concedes that the single call at issue was not "made" by Interstate, to state a claim against Interstate, Plaintiff must also allege sufficient facts showing that Interstate is vicariously liable for the conduct of an unknown John Doe Corporation.  Multiple Judges in the Northern District of Ohio have consistently enforced a high bar for pleading vicarious liability under the TCPA.  In *Christopher Seri*, for instance, the Northern District of Ohio dismissed a TCPA case, noting that the pleading failed to allege facts indicating an "agency relationship" due to lack of allegations supporting "delegation of actual authority, apparent authority, or ratification."  *Christopher Seri v. Crosscountry Mortg., Inc.*, No. 1:16-CV-01214-DAP, 2016 WL 5405257, at *4 (N.D. Ohio Sept. 28, 2016).  Despite the plaintiff's conclusory pleading attempts in *Christopher Seri*, there was not enough detail to show that telemarketers acted on behalf of defendants, that they were subject to their control, or that they took any action on behalf of the defendants that the defendants ratified.  *See id.; see also Reo*, No. 1:14 CV 1374, 2016 WL 11109042, at *4.  On all of these vicarious-liability pleading requirements, Plaintiff's Complaint falls well short.

---

[1] Confusingly, Mr. Rogers states in Paragraph 73 of the Complaint that his claim is for violations of 227(b)(1)(B), but alleges calls to his cellular phone only, and recites elements of 227(b)(1)(A) throughout other parts of the Complaint.  (*See, e.g.*, ¶¶ 27, 68.)  Regardless, the Complaint does not state a claim under either TCPA section due to Mr. Rogers' failure to allege vicarious liability as to Interstate.  To the extent that Plaintiff seeks to assert claims under § 227(b)(1)(B), those claims should be dismissed because Mr. Rogers does not allege any calls to his residential landline.

sf-4242774

## 2.      Plaintiff's allegations

Plaintiff alleges that a representative from John Doe Corporation called Defendant's cellular telephone number on September 25, 2019.  (Complaint ¶¶ 26, 28-30.)  According to Plaintiff, the representative of John Doe Corporation "stated that John Doe Corporation was calling to offer Plaintiff an 'extended warranty.'"  (*Id.* ¶ 28.)  Plaintiff alleges that he is unaware of "exactly who" John Doe Corporation is and "who was attempting to solicit him and for what." (*Id.* ¶ 31.)

Plaintiff further alleges that John Doe Corporation referenced "Dealer Services" during the call, purported to offer a quote for a "Dealer Services" "Star Auto" extended protection plan, stated that the plan was administered by "Dealer Services," and purported to provide the website address, "www.inds.com."  (*Id.* ¶ 30.)  As to facts supporting allegations of vicarious liability, such as those establishing a principal-agent relationship, interim control, ratification, or apparent authority, Plaintiff alleges ***no*** specific facts beyond parroting the legal standards.

Plaintiff also cites a Better Business Bureau ("BBB") website, which discusses calls that reference Interstate and other, confusingly similar, names.  (*Id.* 4 n. 5)  This website indicates that "BBB is aware that unsolicited robocalls are being made to consumers from companies who imply they are National Dealer Services and who are offering vehicle service warranties." [2] Further, the BBB website cited in Plaintiff's own Complaint states that Interstate "does not make

---

[2] *See* https://www.bbb.org/us/ga/atlanta/profile/auto-warranty-services/interstate-national-dealer-services-0443-27306422/details#additional-info; https://www.bbb.org/us/ga/atlanta/profile/auto-warranty-services/interstate-national-dealer-services-0443-27306422/complaints. (*see* "Interstate National Dealer Services Response 03/09/2020").  As the BBB website is referred to in the Complaint and central to Plaintiff's allegations, the Court can consider the website in deciding Interstate's motion to dismiss.  *See, e.g.*, *Harrison v. Rockne's Inc.*, 274 F. Supp. 3d 706, 708-09 (N.D. Ohio 2017) ("The court may consider: (1) any documents attached to, incorporated by, or referred to in the pleadings . . . (3) public records; and (4) matters of which the court may take judicial notice.") (citations omitted); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Trohoske v. Chicago Title Ins. Co.*, No. 1:11 CV 877, 2011 WL 6012412, at *3 (N.D. Ohio Nov. 30, 2011).

sf-4242774

telemarketing calls and does not engage a third party to make such telemarketing calls on its behalf."  Finally, the BBB website notes that Interstate "provided BBB with copies of [] letters sent to Georgia's Attorney General and the Federal Trade Commission that state in part, that they are aware of the spoofing and are working proactively toward finding the names of the companies involved."

### 3. Mr. Rogers' conclusory allegations about a claimed call from John Doe Corporation do not state a claim against Defendant Interstate.

#### a. The Complaint fails to allege Interstate's direct liability for the claimed TCPA violations.

Interstate is not directly liable for any purported TCPA violations because Mr. Rogers concedes that he received a call from John Doe Corporation—not Interstate—and allegedly spoke with a representative of John Doe Corporation—not Interstate.  (*See* Complaint ¶¶ 28-30.) Specifically, the Complaint alleges that the voice on the call "stated that John Doe Corporation was calling," that Plaintiff "was connected with one of John Doe Corporation's telephone representatives," and that "John Doe Corporation's phone representative" asked Plaintiff questions about his vehicle and offered certain services to Plaintiff.  (*See id.* ¶¶ 28-30.)

To the extent Plaintiff relies on generic allegations about "Defendants," this is improper group pleading and an independent reason that the Complaint must be dismissed as to Interstate, because it fails to put Interstate on notice of the claims against it.  *See*, *e.g.*, *Christopher Seri*, No. 1:16-CV-01214-DAP, 2016 WL 5405257, at *4 (dismissing TCPA complaint and noting that a "shotgun" pleading style that "lumped" together defendants made "a complaint less likely to give the defendant fair notice of what the claim is and the grounds upon which it rests" and "confusingly combines the likely disparate acts of two parties into one allegation with no way to understand which party allegedly did what acts" (citations omitted)).  Because Mr. Rogers does

sf-4242774

not allege that he received any calls "made" by Interstate, Plaintiff cannot state a claim for direct liability against Interstate.

### b. The Complaint fails to allege any vicarious liability of Interstate.

This Court and others in the Sixth Circuit consistently maintain rigorous standards for pleading vicarious liability for TCPA violations. *See*, *e.g.*, *Comprehensive Health Care Sys. of Palm Beaches, Inc. v. Vitaminerals VM/Orthopedics, Ltd.*, No. 5:16CV2183, 2017 WL 27263, at *5 (N.D. Ohio Jan. 3, 2017) (dismissing TCPA claim and rejecting the "sweeping theory" of vicarious liability based on "conclusory allegations" that a third-party caller offered the defendant's product). To state a claim for vicarious liability, Plaintiff must plead a principal-agent relationship between Interstate and John Doe Corporation. Specifically, Plaintiff is required to plead specific facts related to Interstate's control, interim instructions, and ratification of John Doe Corporation's conduct. *See id; see also Reo*, 2016 WL 1109042, at *4. Such allegations must be detailed—not conclusory or speculative. Merely reciting words like "principal," "agent," "control," and "interim instructions," with nothing more, as the Complaint does here, falls far short of meeting Plaintiff's burden.[3] Indeed, Plaintiff's approach to pleading vicarious liability mirrors those of multiple TCPA cases where Judges in the Northern District of Ohio ordered dismissal.

*First*, Mr. Rogers' allegations that John Doe Corporation promoted Interstate's products, mentioned a name confusingly similar to Interstate's, or referenced Interstate's website are

---

[3] Plaintiff also cites two lawsuits against Interstate. ((Complaint at 6 n. 8) (citing *Gattuso v. Interstate National Dealer Services*, Case No. 1:18-CV-01536 (N.D. Ga. filed April 10, 2018) and *Samford v. Interstate National Dealer Services, Inc.*, Case No. 1:19-cv-01702 (D. Colo. filed June 11, 2019)).) Both of these cases were dismissed. *See Samford*, Case No. 1:19-cv-01702, Dkt. 15-16; *Gattuso*, Case No. 1:18-CV-01536, Dkt. 12. The fact that other individuals improperly named Interstate in lawsuits, and then dismissed their complaints because they had sued the wrong party, does not support, but rather *undermines*, Plaintiff's claims here. *See*, *e.g.*, *Samford*, Case No. 1:19-cv-01702, Dkt. 14.

6

insufficient to state a claim.  In *ARcare, Inc. v. Centor U.S. Holdings, Inc.*, for instance, Judge Carr, Sr. was "disinclined to find that a company could violate the TCPA simply because its goods or services are advertised or promoted" by another entity.  No. 3:17CV891, 2017 WL 3621809, at *3-4 (N.D. Ohio July 18, 2017) (dismissing TCPA complaint for failure to state a claim) (quotations and citations omitted).  Here, too, the "bare fact" that John Doe Corporation allegedly advertised Interstate's products or mentioned its website is "insufficient to yield a plausible inference" as to Interstate's liability "above the speculative level," just as in *ARcare*. *See id.*

Further, the court in *Comprehensive Health Care*, noted the "absurd" result of finding vicarious liability based on a threadbare pleading like Plaintiff's.  *Comprehensive Health Care Sys. of Palm Beaches, Inc.*, 2017 WL 27263, at *5 (dismissing TCPA case for failure to state a claim for vicarious liability).  Per Judge Burke, "it would be akin to a court finding that [a] vending machine company's advertisement creates TCPA liability for the soft drink companies whose drinks are sold in the vending machines[.]"  *Id.*  Neither the "history," the "language of the TCPA," or "pertinent regulations [] create such liability; nor does binding case law or common sense."  *Id.*

This sort of sweeping theory of vicarious liability would enable entities to engage in what this Court termed "sabotage liability"—**exactly** what is happening here to Interstate and its good name.  *See id.*  For example, a "rabid Tampa Bay Buccaneers fan" could "trigger *per se* liability for the organization under the TCPA by gratuitously, and without directive from or notice to the organizations, promoting season ticket sales[.]"  *Id.* (citing *Cin–Q Autos., Inc. v. Buccaneers Ltd. P'ship*, No. 8:13-cv-01592-AEP, 2014 WL 7224943, at *6 (M.D. Fla., Dec. 17, 2014)) (emphasis in original).  Or a malicious actor, "mind brewing with *scienter*," could "implicate the

New York Yankees by advertising their season tickets." *Id.*  As courts in the Northern District of Ohio and Sixth Circuit have echoed in multiple cases, "[u]niversal liability for complete inaction was not contemplated by Congress in passing the TCPA and does not appear to have been contemplated by the FCC in crafting and interpreting its regulations." *Id.*.

*Second*, Mr. Rogers' allegations fail to state a claim for vicarious liability as to Interstate because Plaintiff does not—and cannot—allege that Interstate received leads or generated sales from the alleged call made by John Doe Corporation.  *See Christopher Seri*, 2016 WL 5405257, at *5 (dismissing TCPA claims for failure to state vicarious liability).  In *Christopher Seri*, this Court found that a complaint without specific factual allegations that an entity received leads, made sales, or received information related to the alleged called party "simply does not imply an agency relationship" and "stops short of the line between possibility and plausibility." *Id.* (citation omitted).  Indeed, as reported in the BBB website that Plaintiff cites in his own Complaint, Interstate does not engage any third parties to make telemarketing calls its behalf.

*Third*, it is not enough to allege, as Mr. Rogers does, that there is a contract between Interstate and John Doe Corporation.  Putting aside that this allegation in Plaintiff's Complaint is devoid of any factual basis or support, it does not state a claim for vicarious liability against Interstate.  *See*, *e.g.*, *Reo*, 2016 WL 1109042, at *5 (dismissing TCPA claims for failure to adequately plead vicarious liability).  As noted by Judge Nugent in *Reo*, the "allegation of a contract between [a defendant] and the marketer" was "insufficient to plausibly support a claim of vicarious liability through agency." *Id.*  This is because such "sparse allegations" do not show that a defendant like Interstate "had any power to give interim instructions or otherwise had any control over the performance" of a purported marketer like the unknown John Doe Corporation. *See id.*

**Fourth**, Mr. Rogers' claims based on apparent authority are devoid of any supporting factual allegations.  Under the theory of apparent authority, a principal incurs liability for acts of the agent if the principal (1) held the agent out to third parties as possessing sufficient authority to commit the particular act in question; and (2) there was reliance upon the apparent authority. *See*, *e.g.*, *Bedient v. Safe Sec. Inc.*, No. 1:16-CV-02256, 2017 WL 89343, at *5 (N.D. Ohio Jan. 10, 2017) (dismissing TCPA claims for failure to allege vicarious liability and apparent authority).  Just as in *Bedient*, the Complaint's allegations here are too "feeble" to satisfy the "holding out" requirement or that Plaintiff somehow "relied" on any "apparent authority" for John Doe Corporation to act on Interstate's behalf.  *See id.*  On the contrary, based on the very BBB website cited in Mr. Rogers' Complaint, Interstate explicitly holds out the opposite. Interstate has made clear in public statements made to the BBB, government authorities, and elsewhere that there are unauthorized third parties, such as John Doe Corporation, who falsely imply that they are calling on behalf of Interstate.  *Harrison*, 274 F. Supp. 3d at 708-09 (noting that the Court can consider information in materials cited in Plaintiff's Complaint on a motion to dismiss).  As stated on the BBB website, Interstate has proactively engaged with law enforcement on this matter.  Thus, Plaintiff's own cited reference shows that there can be no apparent authority where Interstate has expressly and publicly announced that a purported marketer like John Doe Corporation has ***no authority*** to act on behalf of Interstate.

## III.    CONCLUSION

For these reasons, Mr. Rogers' Complaint should be dismissed in its entirety pursuant to Rule 12(b)(6) for failure to state a claim for direct or vicarious liability under the TCPA.

9

Dated:  May 15, 2020                    Respectfully submitted,

                                        _/s/_____Karey E. Werner_____
                                        John L. Landolfi (0042208)
                                        VORYS, SATER, SEYMOUR AND PEASE LLP
                                        52 East Gay Street
                                        Columbus, OH 43215
                                        Telephone:  (614) 464-8390
                                        Facsimile: (614) 719-4711
                                        Email:  jllandolfi@vorys.com

                                        Karey E. Werner (0095685)
                                        VORYS, SATER, SEYMOUR AND PEASE LLP
                                        200 Public Square, Suite 1400
                                        Cleveland, OH 44114-2327
                                        Telephone:  (216) 479-6150
                                        Facsimile: (216) 479-6060
                                        Email:  kewerner@vorys.com

                                        *Attorneys for Defendant Interstate National
                                        Dealer Services, Inc.*

10