**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jayson Rogers,** | ) | **CASE NO.  1:20 CV 00554** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | |
| **Interstate National Dealer Services** | ) | |
| **Inc., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant Interstate National Dealer Services, Inc.'s Motion to Dismiss (Doc. 7).  This case arises out of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").  For the reasons that follow, defendant Interstate National Dealer Services' Motion to Dismiss is DENIED.

**FACTS**

Plaintiff, Jayson Rogers, filed this lawsuit on behalf of himself and all other similarly situated individuals, against defendants Interstate National Dealer Services, Inc. ("Dealer

Services") and John Doe Corporation ("John Doe"), asserting violations under the TCPA.

For purposes of ruling on the pending motion, the facts asserted in the Complaint are presumed to be true.

Dealer Services is a nationwide provider of automotive extended protection plans. Dealer Services utilizes widespread telemarketing to solicit new customers and hired defendant John Doe to originate new customers.

On September 25, 2019, John Doe initiated a pre-recorded telemarketing call to plaintiff's cellular telephone number to promote Dealer Services.  This phone call "used an artificial or pre-recorded voice and stated that John Doe Corporation was calling to offer plaintiff an 'extended warranty.'"  Plaintiff pressed "1" on his cell phone to speak to a live person and was connected with one of John Doe's telephone representatives.  The representative asked plaintiff the make, model, and milage of his automobile.  The representative then proceeded to offer a quote from one of Dealer Services' "Star Auto" extended protection plans.  Plaintiff asked the representative "who serviced or provided the plan, and John Doe's phone representative again stated that the plan was administered by Dealer Services and provided the URL for" Dealer Services' website.  Plaintiff has never provided prior express written consent to defendants to receive pre-recorded calls on his cell number.

Despite the fact that Dealer Services has received complaints that the third parties working on its behalf were violating the TCPA, "Dealer Services has continued to fail to monitor the third parties operating on its behalf."  Dealer Services has "knowingly and actively accepted business that originated through the illegal telemarketing calls," such as the one made by John Doe.

Dealer Services has maintained interim control over the actions of the telemarketer who

called plaintiff. For example, Dealer Services has "absolute control over whether, and under what circumstances, it would accept a customer." Dealer Services also has "day-to-day control over the actions of the calling party, including the ability to prohibit it from using a pre-recorded message to contact potential customers." Dealer Services also "restricted the geographic location of the calls made by the company promoting" it. Dealer Services gives "interim instructions to the company that made the calls by providing the volume of calling and contracts it would purchase." Dealer Services also "instructed the calling party to transfer potential customers over to a third-party verification company that Dealer Services had hired to complete the sign-up process." Thus, "Dealer Services allows its vendors to bind Dealer Services in contract following an illegal telemarketing call," such as the one plaintiff received.

The Complaint contains one claim for relief. Count One is a claim for unsolicited robocalls in violation of the TCPA and is asserted against both defendants. Plaintiff seeks to represent individuals who received pre-recorded, unsolicited phone calls from defendants on their cell phones without prior express consent.

This matter is now before the Court upon Dealer Services' Motion to Dismiss. Dealer Services moves to dismiss the Complaint, arguing that plaintiff fails to state a claim upon which relief can be granted. Plaintiff opposes the motion in its entirety.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal

conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

### ANALYSIS

Dealer Services argues that the Complaint must be dismissed because plaintiff has not sufficiently plead facts showing that Dealer Services is either directly or vicariously liable under the TCPA for phone calls placed by John Doe. According to plaintiff, he has alleged sufficient facts to establish that Dealer Services can be held both directly and vicariously liable for robocalls placed by John Doe on its behalf.

The TCPA places limitations on unsolicited calls to both residential and cellular phones

in an effort to protect consumers from unwanted telemarketing efforts. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370-371 (2012) (finding the TCPA was in response to "[v]oluminous consumer complaints about abuses of telephone technology"); *Barr v. American Ass'n of Political Consultants, Inc*, 140 S.Ct. 2335, 2343 (2020) (observing that the TCPA "generally prohibits robocalls to cell phones and home phones"). For example, the TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice" to a cellular telephone number. 47 U.S.C. § 227(b)(1)(A)(iii).[1] Accordingly, to state a claim under this provision of the TCPA, a complaint must allege facts demonstrating that the defendant (1) made a call to a cell phone, (2) using any automatic telephone dialing system or an artificial or pre-recorded voice, (3) without the prior express consent of the recipient. *See Seri v. Crosscountry Mortgage, Inc.*, 2016 WL 5405257, *2 (N.D. Ohio 2016), *Reo v. Caribbean Cruise Line, Inc.*, 2016 WL 1109042, *4 (N.D. Ohio 2016).

A seller can be held either directly or vicariously liable for violations of this provision of the TCPA. *Keating v. Peterson's Nelnet, LLC,* 615 Fed.Appx. 365, 371 (6th Cir. 2015) (citing *In re Joint Petition Filed by DISH Network, LLC,* 28 FCC Rcd. 6574 (2013)). Accordingly, the Court will analyze plaintiff's Complaint under both theories of liability. If plaintiff has sufficiently alleged facts giving rise to liability under either theory, the Complaint cannot be dismissed.

A.      *Direct Liability*

---

[1] The Court notes that the Complaint references 47 U.S.C. § 227(b)(1)(B), which is a prohibition of robocalls to residential telephone lines. However, given that the allegations contained in the Complaint pertain to a phone call made to plaintiff's cell phone, 47 U.S.C. § 227(b)(1)(A)(iii) is the correct provision.

Dealer Services first argues that the Complaint must be dismissed because it does not sufficiently allege that Dealer Services is directly liable under the TCPA.  According to plaintiff, because the telemarketer was calling on Dealer Services' behalf, Dealer Services is "directly liable under the TCPA."

A seller cannot be held directly liable for a TCPA violation unless it initiates the offending call.  *In re DISH Network, LLC,* 28 FCC Rcd. 6574, 6583 (2013).  The Federal Communications Commission ("FCC") has clarified that a seller "initiates" a call if they "take[] the steps necessary to physically place a telephone call."  *Id.  See also Lucas v. Telemarketer Calling from (407) 476-5680*, 2019 WL 3021233, *5 (6th Cir. 2019).  The FCC has reasoned that such an interpretation of the statute draws "a clear distinction between a call that is made by a seller and a call that is made by a telemarketer on the seller's behalf."  *In re DISH Network, LLC*, 28 FCC Rcd. at 6583.

Upon review, the Court agrees with Dealer Services.  The Complaint contains no specific factual allegations that could plausibly demonstrate that Dealer Services initiated any call to plaintiff.  Indeed, the Complaint makes it clear that it was not Dealer Services who placed the call to plaintiff's cell phone, but John Doe.  For example, the Complaint alleges that it was John Doe who "initiated prerecorded telemarketing calls" to plaintiff's cell phone "to promote Dealer Services."  The Complaint further asserts that the offending phone call "stated that John Doe Corporation was calling" and that plaintiff spoke to "one of John Doe Corporation's telephone representatives."  Accordingly, there are no factual allegations that could establish that Dealer Services is directly liable under the TCPA.

Plaintiff argues that because he received a call "on behalf of" Dealer Services, Dealer Services is directly liable under the TCPA.  Plaintiff is mistaken.  Indeed, the FCC, when

discussing calls made "on behalf of" a seller, has viewed such calls in the context of vicarious liability. *In re DISH Network, LLC*, 28 FCC Rcd. at 6584-6586 (observing that the phrase "on behalf of" can be read to encompass common law agency principles to establish vicarious liability). Moreover, courts throughout this circuit have routinely found no direct liability when the seller itself did not place the offending phone call. *See Murray v. Choice Energy, LLC,* 2015 WL 4204398, *3-4 (S.D. Ohio 2015); *Lucas*, 2019 WL 3021233, *5 (6th Cir. 2019) (finding district court properly dismissed any claims that defendant could be directly liable under the TCPA when defendant was not the entity that placed the call); *Keating*, 615 Fed.Appx. at 371 (finding district court properly dismissed any claims that defendant could be directly liable under the TCPA when evidence showed defendant was not entity that actually sent unauthorized text message).

Accordingly, the Court finds that plaintiff has not sufficiently alleged facts to establish that Dealer Services is directly liable under the TCPA.

B.     *Vicarious Liability*

Alternatively, plaintiff maintains that the Complaint sufficiently alleges that Dealer Services is vicariously liable under the TCPA. He argues that he has "reasonably alleged that the call was made on Dealer Services' behalf" and, at this stage in the proceedings, he is "not required to supply the exact details concerning Dealer Services' unnamed telemarketers."

According to Dealer Services, the Complaint contains "zero factual predicate" regarding the relationship between Dealer Services and John Doe and "merely parrots legal standards for vicarious liability without factual basis."

The FCC and the Sixth Circuit have recognized vicarious liability for TCPA violations. *In re DISH Network, LLC*, 28 FCC Rcd. at 6584-6586. *See also Keating*, 615 Fed.Appx. at 371

(recognizing agency liability under § 227(b)); *Lucas*, 2019 WL 3021233, *5 (same).  A seller can be vicariously liable for TCPA violations committed by a third party telemarketer under federal common law agency principles.  This includes actual authority, apparent authority, and ratification.  *Keating*, 615 Fed.Appx. at 371 (quoting *In re DISH Network, LLC*, 28 FCC Rcd. at 6584).

Upon review, the Court concludes that plaintiff's allegations, if accepted as true, could state a claim for vicarious liability under the TCPA.  Specifically, plaintiff has plausibly pled that an agency relationship exists between Dealer Services and John Doe.  Agency is a "fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Restatement (Third) of Agency* § 1.01 (2006).  In particular, "[t]he power to give interim instructions distinguishes principals in agency relationships from those who contract to receive services provided by persons who are not agents." *Id.*

Here, plaintiff alleges that Dealer Services hired John Doe to make telemarketing phone calls on its behalf.  Specific to a finding of agency, plaintiff alleges that Dealer Services has "day-to-day control over the actions" of John Doe, including "the ability to prohibit it from using a pre-recorded message to contact potential customers."  *See* Restatement (Third) of Agency § 1.01 (2006) ("A principal's right to control the agent is a constant across relationships of agency").  Plaintiff further alleges that Dealer Services is able to restrict the "geographic location of the calls made by" John Doe and instructed John Doe "to transfer potential customers over to a third-party verification company . . . to complete the sign-up process."  Accepting these allegations as true, these are sufficient facts for the Court to infer the existence of an agency

relationship between Dealer Services and John Doe.

Moreover, plaintiff's allegations raise a plausible inference that Dealer Services ratified John Doe's illegal telemarketing conduct. "Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." Restatement (Third) of Agency § 4.01(1). A principal can ratify an act by "manifesting assent that the act shall affect the person's legal relations," or by "conduct that justifies a reasonable assumption that the person so consents." *Id.* at § 4.01(2). Here, plaintiff has sufficiently alleged that Dealer Services endorsed John Doe's calling tactics. John Doe allegedly made the calls at issue for the purpose of soliciting customers at the behest of Dealer Services. Plaintiff alleges that Dealer Services is aware that third party telemarketers working on its behalf, such as John Doe, were violating the TCPA. Plaintiff further alleges that despite receiving widespread complaints about these TCPA violations, Dealer Services "continued to fail to monitor the third parties operating on its behalf" and "knowingly and actively accepted business that originated through the illegal telemarketing calls." Accepting these factual allegations as true, plaintiff has plead sufficient facts to raise a reasonable inference that Dealer Services ratified the conduct of the John Doe.[2]

Further discovery may or may not establish that an agency relationship exists between Dealer Services and John Doe. However, at this stage of the proceedings, it would be inappropriate to dismiss plaintiff's allegations. Plaintiff has plausibly alleged that an agency relationship exists between Dealer Services and John Doe and, therefore, Dealer Services may be

---

[2] Because the Court has found that the Complaint sufficiently alleges both actual agency and ratification, it need not address Dealer Services' arguments that plaintiff has not sufficiently alleged apparent authority.

vicariously liable for John Doe's TCPA violations.

Dealer Services raises several arguments as to why plaintiff has not sufficiently alleged vicarious liability.³  For the following reasons, the Court finds each of these arguments unavailing.  Dealer Services first argues that plaintiff has not provided enough factual detail to support a claim for vicarious liability under the TCPA.  However, plaintiff specifically alleges that Dealer Services hired John Doe to solicit customers on its behalf.  Plaintiff further alleges that Dealer Services had some degree of control and oversight over the John Doe telemarketer that made the call.  While plaintiff does not provide the exact details of the relationship between Dealer Services and John Doe in the Complaint, at this stage of the proceedings, he is not required to do so.  *See In re DISH Network, LLC*, 28 FCC Rcd. at 6593, n. 139 ("Needless to say, nothing in our ruling requires a consumer to prove at the time of their complaint (rather than reasonably allege) that a call was made on the seller's behalf.")

Dealer Services next asserts that plaintiff's allegations that a John Doe telemarketer mentioned Dealer Services' products and website are insufficient to establish vicarious liability.  However, plaintiff alleges far more than a John Doe telemarketer advertising Dealer Services' products.  Rather, plaintiff alleges that during the phone call, the telemarketer was able to provide a price quote and assist the potential customer in purchasing a Dealer Services warranty.

---

³  Dealer Services bases each of its arguments upon various district court cases from within this Circuit.  These cases include  *Seri v. Crosscountry Mortgage, Inc*., 2016 WL 5405257 (N.D. Ohio 2016), *Arcare, Inc. v. Centor U.S. Holdings, Inc.*, 2017 WL 3621809 (N.D. Ohio 2017), *Comprehensive Health Care Systems of Palm Beaches, Inc. v. Vitaminerals VM/Orthopedics, LTD*., 2017 WL 27263 (N.D. Ohio 2017), *Reo v. Caribbean Cruise Line, Inc.,* 2016 WL 1109042 (N.D. Ohio 2016), and *Bedient v. Safe Sec. Inc.,* 2017 WL 89343 (N.D. Ohio 2017).  The Court has carefully reviewed each of these cases and finds them distinguishable from the facts presented here.  Moreover, these are district court opinions and "as such [have] no binding precedential value." *Bridgeport Music v. Dimension Films*, 401 F.3d 647, 650 (6th Cir. 2004).

Moreover, the only product the telemarketer was selling during this phone call was a Dealer Services' warranty plan. This is not a situation in which a third party marketer was offering a variety of products from various sellers. *See, e.g., Comprehensive Health Care Systems of Palm Beaches, Inc. v. Vitaminerals VM/Orthopedics, LTD.*, 2017 WL 27263 (N.D. Ohio 2017) (finding no TCPA liability for faxes which "listed other products [the third party] had for sale" and seller was unaware of existence of faxes).

Dealer Services next argues that because there are no allegations that it "received leads or generated sales from the alleged call," plaintiff cannot establish vicarious liability. However, there is no requirement that a seller must receive leads or generate sales from a TCPA violation in order to establish vicarious liability. Morever, plaintiff does allege that Dealer Services "knowingly and actively accepted business that originated through illegal telemarketing calls."

Dealer Services also contends that the allegation of a contract between itself and John Doe is insufficient to support a claim for vicarious liability. Dealer Services is correct that the existence of a contract is not, in itself, sufficient to create an agency relationship. However, plaintiff has alleged more than the existence of a contract. Plaintiff has also alleged, among other things, that Dealer Services could restrict the geographic location and volume of the calls, as well as the use of a pre-recorded message. These factual allegations support an inference of an agency relationship.

Finally, Dealer Services maintains that it "does not engage any third parties to make telemarketing phone calls [on] its behalf." In support of this assertion, Dealer Services invites the Court to consider statements it has made to the Better Business Bureau ("BBB"), which are

available on the BBB website.[4]  The Court will not consider self-serving statements Dealer Services has made about itself on an website when considering a Motion to Dismiss.  *See Passa v. City of Columbus*, 123 Fed.Appx 694, 698 (6th Cir. 2005) (finding that the district court inappropriately considered a statement on a website when ruling on a motion to dismiss, reasoning that the defendant "could defuse any complaint . . . merely by stating an arguably proper motive on their website.")

For all the reasons set forth above, the Court finds plaintiff has alleged enough to show that an agency relationship may exist between Dealer Services and John Doe.  Accordingly, the Court concludes that plaintiff has sufficiently alleged that Dealer Services may be vicariously liable under the TCPA.

**CONCLUSION**

For the foregoing reasons, Dealer Services' Motion to Dismiss (Doc. 7) is DENIED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 8/10/20

---

[4] The Court acknowledges that the Complaint cites to the BBB website for the purpose of alleging that Dealer Services has received multiple complaints regarding telemarketers.  Regardless, at this stage in the proceedings, it is improper for the Court to consider statements made to the BBB by Dealer Services on this website.  *See Burns v. U.S.*, 542 Fed.Appx. 461, 466 (6th Cir. 2013) ("While Plaintiff does not dispute the validity of the document attached as an exhibit to the Complaint, he disputes the validity of the statements in the document relied upon by Defendant, which similarly disqualifies the exhibit from consideration on a motion to dismiss."); *Mediacom Southeast LLC v. BellSouth Telcoms., Inc*., 672 F.3d 396, 399 (6th Cir. 2012) (finding that district court's reliance on agreement which was referred to in the complaint was improper because the facts in the complaint directly conflict with the facts in the agreement).