# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Jayson Rogers, individually and on behalf of others similarly situated,<br><br>      Plaintiff(s),<br><br> v.<br><br>Interstate National Dealer Services, Inc., et al.,<br><br>      Defendant(s). | Case No. 1:20-CV-00554-PAG<br><br>**INTERSTATE NATIONAL DEALER SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Judge: Patricia A. Gaughan |

### INTERSTATE NATIONAL DEALER SERVICES, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO
### PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Interstate National Dealer Services, Inc. ("Interstate"), through the undersigned counsel answers the allegations of Plaintiff Jayson Rogers ("Plaintiff") set forth in his Class Action Complaint (the "Complaint"). To the extent the Complaint asserts conclusions of law, such conclusions of law require no response in this Answer. To the extent any response is required to headings or other unnumbered paragraphs in the Complaint, Interstate denies the factual allegations, if any, contained in such headings or unnumbered paragraphs.

### ANSWER

1. Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies them.

2. Interstate states that it is a corporation incorporated under the laws of the State of Delaware, it has conducted business in Ohio and in the United States, it is

registered to do business in Ohio with the Ohio Secretary of State and the Ohio Department of Insurance, and its registered agent is National Registered Agents, Inc., located at 160 Greentree Drive, Suite 101, Dover, Delaware, 19904. Except as otherwise stated, Interstate denies the remaining allegations in paragraph 2 of the Complaint.

3. Interstate denies that "John Doe Corporation" is a vendor or subcontractor of Interstate. Interstate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint, and on that basis, denies them.

4. Interstate states that to the extent the allegations in paragraph 4 of the Complaint state conclusions of law, no response is required.

5. In response to the allegations in paragraph 5, Interstate states that it conducts business in this District. Interstate further states that to the extent the allegations in paragraph 5 of the Complaint state conclusions of law, no response is required. Except as otherwise stated, to the extent the remaining allegations in paragraph 5 of the Complaint do not state conclusions of law, Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

6. Interstate states that to the extent the allegations in paragraph 6 of the Complaint state conclusions of law, no response is required. To the extent the allegations in paragraph 6 do not state conclusions of law, Interstate denies the allegations or is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

7. Interstate states that it offers automotive extended protection plans to consumers in the United States. Except as otherwise stated, Interstate denies the allegations

in paragraph 7 of the Complaint.

8. In response to the allegations in paragraph 8, Interstate denies that widespread telemarketing is a primary method by which it solicits new customers. In response to the remaining allegations in paragraph 8 of the Complaint, Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

9. In response to the allegations in paragraph 9, Interstate denies that Interstate or one of Interstate's vendors hired John Doe Corporation to originate new customers. To the extent the allegations in paragraph 9 state conclusions of law, no response is required. To the extent the allegations in paragraph 9 do not state conclusions of law, Interstate denies the allegations or is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

10. To the extent the allegations in paragraph 10 state conclusions of law, no response is required. To the extent a response is deemed required, Interstate refers to the TCPA and denies any allegations inconsistent with it.

11. Interstate denies the allegations in paragraph 11 of the Complaint.

12. In response to the allegations contained in paragraph 12 of the Complaint, Interstate states that to the extent paragraph 12 references or purports to summarize, interpret, or quote from Pub. L. No. 102-243 § 2(6,12) (1991), that document speaks for itself, and Interstate denies any characterization of the document that is inconsistent with its contents. To the extent the allegations in paragraph 12 of the Complaint state conclusions of law, no response is required. Except as otherwise stated, Interstate denies the allegations in paragraph 12 of the Complaint.

sf-4324261

13. In response to the allegations contained in paragraph 13 of the Complaint, Interstate states that to the extent paragraph 13 references or purports to summarize, interpret, or quote from 137 Cong. Rec. S18785 (daily ed. Nov. 27, 1991) (statement of Sen. Pressler), that document speaks for itself, and Interstate denies any characterization of the document that is inconsistent with its contents. To the extent the allegations in paragraph 13 of the Complaint state conclusions of law, no response is required. Except as otherwise stated, Interstate denies the allegations in paragraph 13 of the Complaint.

14. In response to the allegations contained in paragraph 14 of the Complaint, Interstate states that to the extent Paragraph 14 references or purports to summarize, interpret, or quote from *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012), that document speaks for itself, and Interstate denies any characterization of the document that is inconsistent with its contents. To the extent the allegations in paragraph 14 of the Complaint state conclusions of law, no response is required.

15. Interstate denies the allegations in paragraph 15 of the Complaint.

16. In response to the allegations in paragraph 16, Interstate denies the allegations or is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

17. Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and on that basis denies them.

18. To the extent the allegations in paragraph 18 are directed toward Interstate, Interstate denies the allegations in paragraph 18 of the Complaint. To the extent the allegations in paragraph 18 are directed toward another entity or party, Interstate is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and on that basis denies them.

19. To the extent the allegations in paragraph 19 are directed toward Interstate, Interstate denies the allegations in paragraph 19 of the Complaint. To the extent the allegations in paragraph 19 are directed toward another entity or party, Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and on that basis denies them.

20. In response to the allegations contained in paragraph 20 of the Complaint, Interstate states that to the extent paragraph 20 references or purports to summarize, interpret, or quote from *Mey v. Interstate National Dealer Services, Inc.*, Case No. 1:14-cv-01846, ECF 160-1 Filed 1/18/16 (N.D. Ga.), that document speaks for itself, and Interstate denies any characterization of the document that is inconsistent with its contents.

21. Interstate denies the allegations in paragraph 21 of the Complaint, except it states that it was improperly named as a defendant in the two cited cases.

22. The allegations in paragraph 22 of the Complaint are in the form of a legal conclusion to which no response is required. To the extent a response is deemed required, Interstate denies that the allegations to the extent they are directed toward Interstate. To the extent the allegations in paragraph 22 are directed toward another entity or party, Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and on that basis denies them

23. To the extent the allegations in paragraph 23 are directed to Interstate, Interstate denies the allegations in paragraph 23 of the Complaint. To the extent the allegations in paragraph 23 are directed to another entity or party, Interstate is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and on that basis denies them.

24. Interstate denies the allegations in paragraph 24 of the Complaint.

25. Interstate states that Plaintiff has requested the relief identified in paragraph 25 of the Complaint, but Interstate expressly denies that Plaintiff is entitled to such relief.

26. Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and on that basis denies them.

27. Interstate denies the allegations in paragraph 27 of the Complaint.

28. Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and on that basis denies them.

29. Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and on that basis denies them.

30. Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and on that basis denies them.

31. Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and on that basis denies them.

32. Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and on that basis denies them.

33. To the extent the allegations in paragraph 33 state conclusions of law, no

response is required. To the extent the allegations in paragraph 33 do not state conclusions of law, Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and on that basis denies them.

34. To the extent the allegations in paragraph 34 are directed to Interstate, Interstate denies the allegations in paragraph 34 of the Complaint. To the extent the allegations in paragraph 34 are directed to another entity or party, Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and on that basis denies them.

35. Interstate states that Plaintiff has brought a claim under the TCPA as alleged in paragraph 35 of the Complaint. Interstate denies that Plaintiff is entitled to any relief in this action from Interstate.

36. Interstate states that Plaintiff seeks an injunction as alleged in paragraph 36 of the Complaint. Interstate denies that Plaintiff is entitled to any relief in this action from Interstate.

37. The allegations in paragraph 37 of the Complaint are in the form of a legal conclusion to which no response is required. To the extent a response is deemed required, Interstate refers to 47 U.S.C. § 153(39) and denies any allegations inconsistent with it.

38. The allegations in paragraph 38 of the Complaint are in the form of a legal conclusion to which no response is required. To the extent a response is deemed required, Interstate refers to 47 U.S.C. § 227(b)(2) and denies any allegations inconsistent with it.

39. In response to the allegations contained in paragraph 39 of the Complaint,

Interstate states that to the extent paragraph 39 references or purports to summarize, interpret, or quote from *In re Rules and Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995), that document speaks for itself, and Interstate denies any characterization of the document that is inconsistent with its contents. To the extent the allegations in paragraph 39 of the Complaint state conclusions of law, no response is required.

40. In response to the allegations contained in paragraph 40 of the Complaint, Interstate states that to the extent paragraph 40 references or purports to summarize, interpret, or quote from *In re Rules and Regulations Implementing the TCPA*, CG Docket No. 02-278, FCC 07-232, Declaratory Ruling, ¶ 10 (Jan. 4, 2008), that document speaks for itself, and Interstate denies any characterization of the document that is inconsistent with its contents. To the extent the allegations in paragraph 40 of the Complaint state conclusions of law, no response is required.

41. In response to the allegations contained in paragraph 41 of the Complaint, Interstate states that to the extent paragraph 41 references or purports to summarize, interpret, or quote from *In re Joint Petition File by DISH Network*, 28 FCC Rcd. 6574, 6588 *(*¶ 37) (2013), that document speaks for itself, and Interstate denies any characterization of the document that is inconsistent with its contents. To the extent the allegations in paragraph 41 of the Complaint state conclusions of law, no response is required. To the extent a response is required, except as otherwise stated, Interstate denies the allegations in paragraph 41 of the Complaint.

42. In response to the allegations contained in paragraph 42 of the Complaint, Interstate states that to the extent paragraph 42 references or purports to summarize, interpret, or quote from *In re Joint Petition File by DISH Network*, 28 FCC Rcd. 6574, 6586 (¶ 34)

(2013), that document speaks for itself, and Interstate denies any characterization of the document that is inconsistent with its contents. To the extent the allegations in paragraph 42 of the Complaint state conclusions of law, no response is required.

43. In response to the allegations contained in paragraph 43 of the Complaint, Interstate states that to the extent paragraph 43 references or purports to summarize, interpret, or quote from *In re Joint Petition File by DISH Network*, 28 FCC Rcd. 6574, 6587 n.107 (2013), that document speaks for itself, and Interstate denies any characterization of the document that is inconsistent with its contents. To the extent the allegations in paragraph 43 of the Complaint state conclusions of law, no response is required.

44. In response to the allegations contained in paragraph 44 of the Complaint, Interstate states that to the extent paragraph 44 references or purports to summarize, interpret, or quote from *In re Joint Petition File by DISH Network*, 28 FCC Rcd. 6574, 6592 (¶ 46) (2013), that document speaks for itself, and Interstate denies any characterization of the document that is inconsistent with its contents. To the extent the allegations in paragraph 44 of the Complaint state conclusions of law, no response is required.

45. Interstate denies the allegations in paragraph 45 of the Complaint.

46. Interstate denies the allegations in paragraph 46 of the Complaint.

47. Interstate denies the allegations in paragraph 47 of the Complaint.

48. Interstate denies the allegations in paragraph 48 of the Complaint.

49. Interstate denies the allegations in paragraph 49 of the Complaint.

50. Interstate denies the allegations in paragraph 50 of the Complaint.

51. Interstate denies the allegations in paragraph 51 of the Complaint.

52. Interstate denies the allegations in paragraph 52 of the Complaint.

53. Interstate denies the allegations in paragraph 53 of the Complaint.

54. Interstate denies the allegations in paragraph 54 of the Complaint.

55. Interstate denies the allegations in paragraph 55 of the Complaint.

56. Interstate denies the allegations in paragraph 56 of the Complaint.

57. In response to the allegations contained in paragraph 57 of the Complaint, Interstate states that to the extent paragraph 57 references or purports to summarize, interpret, or quote from *In re Joint Petition File by DISH Network*, 28 FCC Rcd. 6574, 6592-93 (¶ 46) (2013), that document speaks for itself, and Interstate denies any characterization of the document that is inconsistent with its contents. To the extent the allegations in paragraph 57 of the Complaint state conclusions of law, no response is required.

58. Interstate states that Plaintiff seeks to bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3). Interstate denies that class certification is appropriate.

59. Paragraph 59 of the Complaint does not contain factual allegations requiring a response. To the extent a response is deemed required, Interstate states that Plaintiff seeks to exclude the enumerated people from a putative class. Interstate denies that class certification is appropriate.

60. Paragraph 60 of the Complaint does not contain factual allegations requiring a response. To the extent a response is deemed required, Interstate denies the allegations in paragraph 60 or lacks information or knowledge sufficient to form a belief as to these allegations and on that basis denies them.

61. To the extent the allegations in paragraph 61 of the Complaint state legal conclusions, no response is required. To the extent a response is deemed required, Interstate denies the allegations in paragraph 61 of the Complaint.

62. To the extent the allegations in paragraph 62 of the Complaint state legal conclusions, no response is required. To the extent a response is deemed required, Interstate denies the allegations in paragraph 62 of the Complaint.

63. To the extent the allegations in paragraph 63 of the Complaint state legal conclusions, no response is required. To the extent a response is deemed required, Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint, and therefore denies them.

64. To the extent the allegations in paragraph 64 and its subparts state legal conclusions, no response is required. To the extent a response is deemed required, Interstate denies the allegations in paragraph 64 and its subparts.

65. To the extent the allegations in paragraph 65 of the Complaint state legal conclusions, no response is required. To the extent a response is deemed required, Interstate denies the allegations in paragraph 65 of the Complaint.

66. To the extent the allegations in paragraph 66 of the Complaint state legal conclusions, no response is required. To the extent a response is deemed required, Interstate denies the allegations in paragraph 66 of the Complaint.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Robocall No Consent Class)**

67. Interstate incorporates by reference paragraph 1 through paragraph 66 of this Answer as though expressly rewritten herein.

68. Interstate denies the allegations in paragraph 68 of the Complaint.

69. To the extent the allegations in paragraph 69 are directed to Interstate, Interstate denies the allegations in paragraph 69 of the Complaint. To the extent the allegations in paragraph 69 are directed to another entity or party, Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint, and on that basis denies them.

70. To the extent the allegations in paragraph 70 are directed to Interstate, Interstate denies the allegations in paragraph 70 of the Complaint. To the extent the allegations in paragraph 70 are directed to another entity or party, Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint, and on that basis denies them.

71. To the extent the allegations in paragraph 71 are directed to Interstate, Interstate denies the allegations in paragraph 71 of the Complaint. To the extent the allegations in paragraph 71 are directed to another entity or party, Interstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint, and on that basis denies them.

72. Interstate denies the allegations in paragraph 72 of the Complaint.

73. Interstate denies the allegations in paragraph 73 of the Complaint.

74. Interstate denies the allegations in paragraph 74 of the Complaint.

75. The numbered WHEREFORE clause of the Complaint is in the nature of a prayer for relief, to which no response is required. To the extent that the allegations in the WHEREFORE clause of the Complaint are deemed to be factual, Interstate denies those

allegations and specifically denies that Plaintiff suffered any harm for which he could be entitled to recover any damages from Interstate in this action.

76. Interstate denies any allegations in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

As to affirmative defenses to the Complaint, Interstate does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion as to any matters as to which Plaintiff has the burden of proof or persuasion.

Interstate, through the undersigned counsel, for its Affirmative Defenses to the Plaintiff's Complaint, states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the alleged claims in the Complaint.

## SECOND AFFIRMATIVE DFENSE

Plaintiff's and the alleged putative class members are barred to the extent that any of the telephone calls at issue were to a phone number shared by, or assumed by, or otherwise associated with a person or business who had provided the requisite consent to receive the calls at issue, or who had an established business relationship with the maker of the calls at issue.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's and the alleged putative class members' claims for equitable relief are barred because Plaintiff and the members of the putative class have an adequate remedy at law.

## FOURTH AFFIRMATIVE DEFENSE

sf-4324261

The claims of Plaintiff and/or the purported class members are barred because they did not sustain any loss, damage, harm, or detriment as a result of any acts or omissions by Interstate.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff or the members of the putative class have suffered injury or damages, such injury or damages were not caused by any conduct or inaction by Interstate but were caused by others, were not foreseeable, or both.

## SIXTH AFFIRMATIVE DEFENSE

The claims of absent class members may be barred by *res judicata*, judicial estoppel, and/or accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

Interstate has not completed its investigation and discovery regarding the facts and claims asserted by Plaintiff.  Accordingly, Interstate reserves the right to add such additional affirmative defenses as necessary based on its ongoing investigation and the course of discovery.

WHEREFORE, Interstate prays for judgment against Plaintiff (and any putative class member) as follows:

1. That Plaintiff and each putative class member take nothing by way of the Complaint;

2. That the Complaint be dismissed on the merits and with prejudice;

3. That Interstate be awarded its attorneys' fees and costs of suit incurred herein; and

4. That Interstate receive such other and further relief as the Court deems proper.

## **TRIAL BY JURY DEMANDED**

PLEASE TAKE NOTICE that Interstate demands a trial by jury.

Dated: August 24, 2020               Respectfully submitted,

                                        */s/ Tiffany Cheung*
TIFFANY CHEUNG (CA SBN 211497)
ADMITTED *PRO HAC VICE*
TCheung@mofo.com
MICHAEL BURSHTEYN (CA SBN 295320)
ADMITTED *PRO HAC VICE*
MBurshteyn@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     415.268.7000
Facsimile:      415.268.7522

JOHN L. LANDOLFI (0042208)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Telephone:  (614) 464-8390
Facsimile: (614) 719-4711
Email:  jllandolfi@vorys.com

KAREY E. WERNER (0095685)
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, OH 44114-2327
Telephone:  (216) 479-6150
Facsimile: (216) 479-6060
Email:  kewerner@vorys.com

*Attorneys for Defendant Interstate National Dealer Services, Inc.*